LESLIE CARTER

v.

CAROLINE L. CARTER.

*Jurisdiction—Injunction—Interlocutory Order—Appeal—Act of June 14, 1887—Divorce—Custody of Child.*

An order providing for the custody of a child, entered in divorce proceedings, upon a motion to dissolve an injunction affecting the custody of the child, is not an order overruling a motion to dissolve an injunction, or enlarging the scope of an injunction order. within the meaning of the Act of June 14, 1887, providing for an appeal to this court.

[Opinion filed January 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMISON, Judge, presiding.

Mr. F. J. LOESCH, for appellant.

Messrs. DEXTER, HERRICK & ALLEN, for appellee.

BAILEY, J.   The appeal in this case brings up an interlocutory order which the appellant seeks to have reviewed by this court, under the provisions of the Act of June 14, 1887, providing for appeals from interlocutory orders granting injunctions and appointing receivers.   Said act provides that, whenever an interlocutory order or decree is entered in any suit pending in any court in this State, granting an injunction or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, or giving other or further powers or property to a receiver already appointed, an appeal from such interlocutory order or decree may be taken to the Appellate Court.

The bill in this case is brought by the appellee against the appellant, praying for a divorce, for alimony, for the custody of the infant child of the parties, and for an injunction restrain-

Carter v. Carter.

ing the appellant from selling, assigning or otherwise disposing of his property or effects, or taking, or sending, or permitting them to be sent out of the jurisdiction of the court, and from in any manner interfering with the appellee or with said child, or taking or attempting to take possession of said child until the further order of said court, and also a general prayer for relief.    An injunction was awarded in accordance with said prayer, and thereupon a writ of injunction was issued and served on the appellant, restraining him "from selling, assigning, transferring, incumbering, or in any way disposing of his property and effects, or taking, or sending, or permitting them to be taken or sent out of the jurisdiction of this court, or from in any manner interfering with the complainant or the chi'd, Leslie Dudley Carter, or taking or attempting to take the said child from the custody, possession or control of said complainant."

Afterward the appellant entered his motion " to dissolve the injunction issued in said cause, upon bill, answer and affidavits filed, and that the court order the complainant to return said child, Leslie Dudley Carter, to the custody of said defendant during the pendency of these proceedings."    On the hearing of said motion the following order was entered:

" This cause coming on to be heard upon the motion of the defendant to dissolve the injunction granted herein, and that the child, Leslie Dudley Carter, be restored to the defendant, and also upon the cross-motion of complainant for a continuance of defendant's said motion, after hearing the affidavits read and the arguments of counsel, doth overrule the complainant's motion for a continuance; and the defendant's motion for a dissolution of said injunction, so far as it seeks a return of said child, Leslie Dudley Carter, to the custody of said defendant during the pendency of these proceedings is overruled; and it is ordered that said injunction be modified so as to permit the parents equal access to their child, Leslie Dudley Carter; that Miss Helen Carter and Mrs. Catherine R. Dudley be, and they are hereby appointed custodians of said child.    And it is further ordered that said child shall visit with the complainant until the 31st instant, and then shall visit

with the defendant for and during the month of January, 1888, and pass each month thereafter alternately with the complainant and defendant, until the further order of this court; said child, while visiting with complainant, to be in the custody of Catherine Dudley, and when visiting with the defendant, to be in the custody of Helen Carter. And it is further provided that the defendant shall be allowed to see said child once each week during the time he is in the custody of Mrs. Dudley, and that the complainant shall be allowed to see said child once each week during the time said child is in the custody of Miss Helen Carter, and at the times of such visits each party may have the society of said child alone if he or she so desires."

The present appeal is prosecuted from the foregoing order, and the appellee now enters her motion to dismiss the appeal for want of jurisdiction. The question thus arises whether said order is an order or decree overruling a motion to dissolve an injunction, or enlarging the scope of an injunction order, within the meaning of the act above referred to.

It is not urged in support of the appeal that the order appealed from constitutes in any proper sense a refusal by the court to dissolve the injunction so far as it restrains the appellant from disposing of his property. It does not appear nor is it claimed that that question was presented to or was passed upon by the court. The order appealed from makes no reference to it, and if the dissolution of that branch of the injunction order was within the purview of the appellant's motion, the court, so far as appears, still holds that question under advisement, as the order by its terms purports to overrule the motion for a dissolution of the injunction only so far as it seeks a return of said child to the custody of the appellant.

Does the order appealed from then, in substance, overrule the motion to dissolve the injunction so far as it relates to the custody of the child? We think not. The motion, it will be observed, was not merely a motion to dissolve the injunction, but for an affirmative order on the appellee to return said child to the appellant's custody. It is only this latter branch of the motion which is overruled. It is not material that the order,

in overruling the motion, designates it as a motion to dissolve the injunction, so long as the substantial fact is, that the motion, so far as it is overruled, is not a motion to dissolve the injunction but for an affirmative order on the appellee. The injunction, though not in terms dissolved, was really so, it being superseded by an order of a different nature disposing of the custody of the child during the pendency of the suit. The injunction thereby became *functus officio.* From that time the custody of the child is held, not under the injunction but under the order.

We are of the opinion that the order is not appealable, and the motion to dismiss the appeal will therefore be sustained.

*Appeal dismissed.*